UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOANN ROSE,

    Plaintiff,

v.                                                CASE NO.:

BAPTIST HEALTH CARE CORPORATION,
a Florida Not For Profit Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JOANN ROSE ("Ms. Rose" or "Plaintiff") files this Complaint against Defendant, BAPTIST HEALTH CARE CORPORATION ("BHC" or "Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, her attorneys' fees and costs, and any and all relief available under the FMLA.

**JURISDICTION, VENUE AND FMLA COVERAGE**

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Santa Rosa County, Florida.

5. At all times relevant hereto, Plaintiff was an employee of Defendant and resided in Santa Rosa County, Florida.

6. Defendant is a Florida Not For Profit Corporation that provides health care services in, among others, Santa Rosa County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her mother's serious health condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

9. Ms. Rose worked for Defendant from September 13, 1998, until her unlawful termination on August 29, 2018, at which time she held the position of Imaging Services Manager.

10. In all respects, Ms. Rose was an excellent employee, who had no significant history of non-FMLA related attendance, disciplinary, or performance issues.

11. Unfortunately, Ms. Rose's eighty-eight (88) year-old mother suffers from a variety of conditions such as morbid obesity, type 2 diabetes, depressive disorder, and hyperlipidemia – all of which are considered serious health conditions as defined by the FMLA.

12. As a result of these various conditions, Ms. Rose's mother is oxygen dependent, wheelchair/walker dependent, falls frequently, and needs daily care and attention.

13. In June 2018, Ms. Rose filled out an FMLA request and presented same to Director, Allison Donaldson ("Ms. Donaldson").

14. Upon receiving the request, Ms. Donaldson shockingly dismissed same, and instructed our client "not to worry" about her FMLA.

15. Despite this, on August 28, 2018, Ms. Rose was approved for intermittent FMLA leave to be used whenever she needed to care for her ailing mother.

16. On August 29, 2018, the day after Ms. Rose was approved for FMLA, she was terminated, effective immediately.

17. Specifically, BHC Managers, Ms. Donaldson, Bryan Kerr, and Carol Brownell, presented Ms. Rose with two options: (1) resign immediately and receive four (4) weeks' pay or; (2) continue working for four (4) weeks, and subsequently resign from her post.

18. Shocked and confused due to spending approximately the last thirty (30) years working for BHC, Ms. Rose had no other choice but to tender her forced resignation.

19. Defendant provided no valid reason or explanation for this termination/forced resignation.

20. Plaintiff's termination the day after she was approved for FMLA makes the causal connection between Plaintiff's application for FMLA use and her termination sufficiently clear.

21. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

22. Also, as a result of the foregoing, Defendant retaliated against Plaintiff for attempting to utilize and/or utilizing proper and authorized FMLA leave.

23. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her use of approved FMLA protected leave and for her FMLA request.

24. Any other stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

25. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

26. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26, above.

28. At all times relevant hereto, Plaintiff was protected by the FMLA.

29. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

30. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

31. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

32. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief,

reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26, above.

34. At all times relevant hereto, Plaintiff was protected by the FMLA.

35. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

36. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of FMLA protected leave and for her request for FMLA leave

37. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise her rights to take approved leave pursuant to the FMLA.

38. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

39. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 8th day of July 2020.

Respectfully Submitted,

By**:/s *Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*